

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O.E. Gerron
County Attorney
Ector County
Odessa, Texas

Dear Sir:

Opinion No. O-3345
Re: Can a county condemn the
lease hold estate to land
needed in establishing an
airport?

Your request for an opinion of this department in
regard to the above question has been received.

We quote from your letter as follows:

"The question that involves Ector County is as
follows: The Commissioners' Court of Ector County
is preparing to construct, maintain and operate an
airport by authority of Article 1269h on 640 acres
of land, the title to which has been received in the
following manner:

"They have purchased this land in fee from the
original owner, receiving title to the land and the
owner's 1/8 royalty mineral interest. Prior to the
purchase of this land by Ector County 7/8ths of the
mineral interests had been deeded away under the cus-
tomary lease agreement. This 7/8ths mineral interests
are now held by individuals under a mineral lease
agreement, which terminates in 1945.

"As it now stands Ector County and the owners
of these lease agreements are unable to agree on the
price of their rights as lessees of this mineral in-
terest.

"For Ector County to construct and maintain an
airport on this tract of land it will be absolutely
necessary that there be in the future no possibility
of obstructions of any sort on the land so involved.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable O.E. Gerron, page 2

"Will you please advise if in your opinion the right of eminent domain as set forth in Article 3264a grants to Ector County the authority to acquire complete title to this property by condemnation."

Your request for an opinion may be stated as follows:  Can a county condemn the lease hold estate to land needed in establishing an airport?

Article 3264a, V.A.C.S., reads as follows:

"Eminent domain by counties.  The right of Eminent Domain is hereby conferred upon counties of the State of Texas for the purpose of condemning and acquiring land, right of way or easement in land, private or public, except property used for cemetery purposes, where said land, right of way or easement is necessary in the construction of jails, courthouses, hospitals, delinquent and dependent schools, poor farms, libraries or for other public purposes, where such purpose is now or may hereafter be authorized by the Constitution or Statutes of this State.

"All such condemnation proceedings shall be instituted under the direction of the commissioners' court, and in the name of the county, and the assessing of damages shall be in conformity to the Statutes of the State of Texas for condemning and acquiring right of way by railroads.  That no appeal from the finding and assessment of damages by the commissioners appointed for that purpose shall have the effect of causing the suspension of work by the county in connection with which the land, right of way, easement, etc., is sought to be acquired.  In case of appeal, counties shall not be required to give bond, nor shall they be required to give bond for costs."

Article 1269h, V.A.C.S., reads as follows:

"Air Ports, maintenance and operation.  Section 1.  That the governing body of any incorporated city in this State may receive through gift or dedication, and is hereby empowered to acquire by purchase, without condemnation or by purchase through condemnation proceedings, and thereafter

Honorable O.E. Gerron, page 3

maintain and operate as an Air Port tracts of land,
either within or without the corporate limits of
such city and within the county in which such city
is situated, the land acquired and held by any such
city never to at any one time exceed six hundred
forty acres, and the Commissioners' Court of any
county may likewise acquire, maintain and operate
for like purpose tracts of land within the limits
of the county, not to exceed at any one time six
hundred forty acres."

Article 3270, V.A.C.S., reads as follows:

"Except where otherwise expressly provided
by law, the right secured or to be secured to any
corporation or other plaintiff in this State, in
the manner provided by this law, shall not be so
construed as to include the fee simple estate in
lands, either public or private, nor shall the same
be lost by the forfeiture or expiration of the char-
ter, but shall remain subject to an extension of
the charter or the grant of a new charter without
a new condemnation."

The courts in construing the effect of Article 3270
have consistently allowed only an easement to be condemned,
unless other statutes expressly provide for a fee simple title
to be taken.

In Dickey's Estate v. Houston Independent School
District, 300 S.W. 250, error dismissed, the court refused
to allow a school district to condemn a greater interest than
an easement where a school district desired to erect perman-
ent school buildings on the property in question.

In Hill v. City of Bellville, 30 S.W. (2d) 407, the
city was allowed to condemn only an easement over the land
needed to erect a sewerage disposal plant.

Other cases where only an easement was allowed to
be condemned are:

Lyon v. McDonald, 78 Tex. 71, 14 S.W. 261, 9 L.R.A.
295;
Capps v. Texas & Pacific Ry. Co., 50 S.W. 643;
St. Louis Southwestern Ry. Co. of Texas v. Temple
Northwestern Ry. Co., 170 S.W. 1073;
Gulf Coast Irr. Co. v. Gary, 118 Tex. 469, 14 S.W.

Honorable O. E. Gerron, page 4


(2d) 266;
International G. N. Ry. Co. v. Boles, 161 S.W. 194,
error refused; and
Palmer v. Harris County, 69 S. W. 229.

It is very clear from the above cited statutes and decisions that Ector County can condemn only such easement as is necessary for the operation of an airport. The entire fee simple interest and the minerals therein cannot be condemned in the absence of specific statute authorizing such condemnation.

However, it is apparent without argument that an airport cannot be operated on land which is being developed for oil and gas purposes. Inasmuch as it is well settled that the ordinary oil and gas lease carries with it the right of ingress and egress for the purpose of drilling and erecting the necessary slush pits, storage tanks etc., it is therefore advisable and necessary that Ector County in any condemnation proceeding join the holders of any oil and gas lease or mineral deeds in order that the county may secure as against such lessees the unrestricted use of the surface of the condemned land free of the rights of oil and gas lessees. While a condemnation against an oil and gas lessee will not operate to vest title in the county to the minerals underlying the land on which the easement is condemned, yet such condemnation will operate to render the easement obtained by the county superior to the easement of egress and ingress owned by oil and gas lessees so that the county may use the land condemned as an airport without interference from owners or lessees of the minerals.

We enclose an opinion recently written on the subject of a county's power to purchase land for an airport which opinion we thought might be of interest to you.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 8, 1941

By _____
Robert E. Kepke
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

By _____
E. A. Bosl, Jr.

EAB,Jr:ob
(Encls.)

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN